# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, ex rel.
Anthony A. Collins,
Petitioner Below, Petitioner**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0115** (Mingo County 11-C-63)

**David Ballard, Warden,
Mount Olive Correctional Complex,
Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Anthony A. Collins, by counsel David R. Barney Jr., appeals the December 29, 2011 order of the Circuit Court of Mingo County denying his petition for writ of habeas corpus. Respondent Ballard,[1] by counsel Thomas W. Rodd, filed a response, to which petitioner has filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Pursuant to a plea agreement, petitioner pled guilty to multiple counts of grand larceny and breaking and entering as charged in three separate indictments in 1996. Ultimately, petitioner was sentenced to an aggregate term of three to forty-five years of incarceration for these crimes, as the circuit court imposed consecutive sentences for each term of incarceration under the separate indictments. After filing a pro se petition for habeas corpus relief in 2011, petitioner was appointed counsel and an amended petition was filed. Thereafter, an omnibus evidentiary hearing was held on September 27, 2011, after which the circuit court denied the petition.

On appeal, petitioner alleges ten assignments of error. However, petitioner is simply re-alleging the grounds for relief cited in his circuit court habeas petition, and his assignment of error on appeal is more accurately stated as alleging error by the circuit court in denying his petition. Petitioner argues that his testimony and the record were sufficient to establish a basis for relief below. In response, the State argues that the circuit court was correct to deny the petition.

---

[1]We have replaced the original respondent's name with David Ballard, Warden, because petitioner is no longer housed at Stevens Correctional Center. Petitioner is currently housed at the Slayton Work Camp which is administered by Mount Olive Correctional Complex.

This Court has previously held that

> [i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying the petition for writ of habeas corpus. Having reviewed the circuit court's "Final Order Denying Petitioner's Omnibus Petition For Writ Of Habeas Corpus" entered on December 29, 2011, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the circuit court and its December 29, 2011 order denying the petition for writ of habeas corpus is affirmed.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

ANTHONY A. COLLINS,

   Petitioner,

v.

                Civil Action No.: 11-C-63
                Honorable Michael Thornsbury

STEVENS CORRECTIONAL CENTER,
DENNIS DINGUS, in his capacity as Warden,

   Respondent.

FINAL ORDER DENYING PETITIONER'S OMNIBUS PETITION FOR WRIT OF HABEAS
CORPUS

This matter comes before the Court pursuant to the Petitioner, Anthony A. Collins.' Petition For Habeas Corpus Relief pursuant to the West Virginia Post Conviction Habeas Corpus Act, West Virginia Code § 53-4A-1, et seq. (1994). A hearing was held on the matter on the 27th day of September 2011. The parties appeared as follows the Petitioner, Anthony A. Collins. via video teleconference, and through counsel, David Barney; and the Respondent Warden Dennis Dingus through counsel, Teresa Maynard, Assistant Prosecuting Attorney. The Court now makes the following Findings Of Fact And Conclusions Of Law and Orders, to wit:

## Procedural History

1. On February 23, 2011, the Petitioner filed the current Petition For Writ Of Habeas Corpus Relief, asserting ineffective assistance of counsel and claiming that his counsel mislead him into accepting a plea bargain by promising to file a motion for reconsideration of sentence. The Petitioner initially asserted that the motion for reconsideration was not filed; however, he later claimed that the motion was filed and a hearing was never scheduled.

2. On the 21st day of March 2011, the Court appointed David Barney as counsel for the Petitioner during the instant proceedings.

3. The Petitioner filed an Amended Complaint (Petition) on May 31, 2011, asserting pursuant to *Losh v. McKenzie*, 166 W.Va. 762 (1981): prejudicial pretrial publicity, failure of counsel to take an appeal, consecutive sentences for same transaction, unfulfilled plea bargains, ineffective assistance of counsel, failure to provide copy of indictment to defendant, claim of incompetence at time of trial, acquittal of co-defendant on same charge, severer sentence than expected, excessive sentence, and mistaken advice of counsel as to parole or probation eligibility.

4. On September 30, 2011, the Plaintiff filed a Brief In Support Of Habeas Corpus Petition. In the Brief, the Plaintiff asserted the aforementioned *Losh* factors, and abandoned all other arguments pursuant to *Losh* by the failure to assert them.

5. The Petitioner entered a guilty plea in July 1996, to charges of breaking and entering and grand larceny pursuant to Case Nos.: A96-F-23, A96-F-24, and S96-F-66. The Petitioner pled guilty to a charge of breaking and entering with respect to each of the cases, and was sentenced to a term of one year to fifteen years incarceration for each count. Additionally, in cases A96-F-23 and S96-F-66, the Petitioner pled guilty to a count of grand larceny, in which he was sentenced to a term of one year to fifteen years incarceration for each count. The sentences for breaking and entering and grand larceny imposed pursuant to Case No.: A96-F-23 were to run concurrently. While, the sentence for breaking in entering in Case No.:A96-F-24 was to run consecutive with the sentences imposed for Case No.: A96-F-23. The sentences of S95-F-66 were to run concurrently and consecutively with the sentences of Case Nos.: A96-F-23 and A96-F-24.

## Findings Of Fact

1. At the hearing, Anthony Collins testified as follows:

    a. That he is currently incarcerated at the Stevens Correctional Center;

    b. That he had three separate cases against him;

    c. That he entered pleas of guilty in each of the cases;

    d. That there was no presentence or probation reports completed in his cases;

    e. That he was under the impression his counsel. A.J. Ryan, would filed a Rule 35 motion for reconsideration of sentence, and that his sentences would run concurrently;

    f. That he filed a pro-se Rule 35 motion;

    g. That he never received a response to his Rule 35 motion;

    h. That he then decided to file a habeas petition;

    i. That he was twenty years old when he pled;

    j. That his co-defendants received shorter sentences;

    k. That he acknowledges he was paroled once but was revoked because he became addicted to pills;

    l. That he received a sentence that was in essence three to forty-five years incarceration;

    m. That he believes the sentence was excessive and was more severe than expected;

    n. That he received mistaken advice of counsel as to parole eligibility;

    o. That he argues that the same charges were levied against his co-defendants and they were incarcerated a shorter period and got probation;

p. That he felt that an appeal was warranted and that Mr. Ryan should have filed one;

q. That there was not an unfulfilled plea bargain, Mr. Ryan misled him;

r. That he never received any discovery or a copy of the indictments from Mr. Ryan;

s. That he was on parole for two years and became addicted to prescription pain medication;

t. That he received ineffective assistance of counsel because he would not have accepted the plea if he knew the sentences would not be running concurrently;

u. That he took substances and consumed alcohol while in the Department of Corrections custody;

v. That Mr. Ryan told him former-Judge Maynard, the then sitting Circuit Court Judge, issued "stiff sentences" because he was running for the West Virginia Supreme Court of Appeals;[1]

w. That he believes a work release program would benefit him;

x. That he wants to participate in the Court's work program or Day Report;

y. That he is thirty-six years old at the current time, but was twenty years old when the offenses were committed;

z. That he is not scheduled to be discharged for another nine years;

aa. That he was incompetent at the time of the plea due to substance abuse;

bb. That he has welding and mining certificates;

cc. That he acknowledges that the crimes were committed to feed his drug habits;

dd. That two of his co-defendants were juveniles, ages thirteen and sixteen, and in one of the crimes, he was the only adult involved;

---

[1] The Court took Judicial Notice that 1996 was an election year.

ee. That in one of the crimes he acted alone;

ff. That he admits the habeas ground that his co-defendants received better treatment is without merit;

gg. That Mr. Ryan made a Rule 35 motion, then he was paroled;

hh. That Mr. Ryan informed him of the penalties for each crime he plead guilty to;

ii. That he received and signed a written plea offer and understood the terms and acknowledged that he understood the terms in open court;

jj. That he acknowledges former-Circuit Judge Maynard sentenced him in accord with the plea agreement and the State's recommendation;

kk. That he told the Court at arraignment he received a copy of the indictment;

ll. That his parole was revoked for a positive drug screen;

mm. That he was only treated at the emergency room one time while he was on parole;

nn. That he last saw the parole board in February 2011, and that he will see them again in February 2012;

oo. That he told Mr. Ryan he was under the influence of drugs when the crimes occurred;

pp. That he never asked Mr. Ryan for a competency examination;

qq. That he acknowledges he received the benefit of the plea bargain;

rr. That he was informed his file was destroyed in a fire at Mr. Ryan's office;

ss. That he acknowledges he was convicted of assault in 2002.

## Conclusions Of Law

1. West Virginia Code § 53-4A-1(a) provides, in relevant part:

Any person convicted of a crime and incarcerated under sentence of imprisonment therefore who contends that there was such a denial or infringement of his rights as to render the conviction or sentence void under the Constitution of the United States or the Constitution of this State, or both, or that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by low, or that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under the common-law or any statutory provision of this State, may, without paying a filing fee, file a petition for a writ of habeas corpus ad subjiciendum, and prosecute the same, seeking release from such illegal imprisonment, correction of the sentence, the setting aside of the plea, conviction and sentence, or other relief, if and only if such contention or contentions and the grounds in fact or law relied upon in support thereof have not been previously and finally adjudicated or waived in the proceedings which resulted in the conviction and sentence, or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings which the petitioner has instituted to secure relief from such conviction or sentence.

2. West Virginia Code § 53-4A-3, directs that a writ of habeas corpus be granted if it appears to the Court that there is probable cause to believe that the Petitioner may be entitled to some relief, and the contentions or grounds advanced have not been previously and finally adjudicated or waived.

### I.       Prejudicial Pretrial Publicity

3. The Petitioner claims that he was prejudiced by the fact that the then-sitting circuit judge was seeking to be elected to the West Virginia Supreme Court of Appeals on campaigning as being "tough on crime." Thus, the publicity he claims to be prejudiced by is that which the then-sitting circuit judge would theoretically receive by virtue of his sentencing.

4. The Petitioner makes his conclusory statements about prejudicial pretrial publicity; however, he does not support them with specific factual evidence or cite any legal

authority. The only thing argued with regard to this ground is a reference to a campaign theme of being tough on crime, yet, the Petitioner does not even cite or verify or provide a scintilla of evidence that this was in fact a campaign strategy of the then-sitting circuit judge. In essence, the Petitioner's claim of prejudicial pretrial publicity is in no way supported in fact or law.

5. Thus, the Petition is DENIED as to this ground.

## II. Failure Of Counsel To Take An Appeal

6. The Petition next argues that after a Motion For Reconsideration Of Sentence was filed, no further action was taken. However, the Petitioner testified that his counsel filed a Motion For Reconsideration Of Sentence and he was paroled thereafter.

7. Once again, the Petitioner makes this argument without citing any facts or legal authorities in support thereof. Additionally, he makes no specific argument relating to whether an appeal was justified, necessary, or the likely to succeed. Further, the Petitioner does not make any argument relating to a ground that could be pursued on appeal. Moreover, the Petitioner pled guilty to the charges, which would severely limit his grounds for appeal.

8. Thus, the Petition is DENIED as to this ground.

## III. Unfulfilled Plea Bargain

9. The Petitioner claims that he was enticed to accept the plea bargain by the assurance that he would receive leniency at sentencing. This is yet another ground without citation to any exhibit, evidence, affidavit, or legal authority.

10. The Petitioner admitted during the hearing that the State did not fail to fulfill the plea bargain, but argued that he received mistaken advice of counsel. Additionally, the

Petitioner admitted that he was previously paroled and was subsequently re-incarcerated. Further, upon cross examination the Petitioner acknowledged that he received the benefit of his plea bargain. In light of the foregoing, this ground is also without merit.

11. Thus, the Petition is DENIED as to this ground.

## *IV. Ineffective Assistance Of Counsel*

12. The Petitioner claims that his counsel in the underlying matter was ineffective because he led him to believe he would receive leniency, he did not pursue an appeal, and he did not schedule a hearing on the Motion For Reconsideration Of Sentence.

13. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

14. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687; see also, syllabus point 5, *State v. Miller*, 194 W.Va. 3 (1995); *State ex rel. Shelton v. Painter*, 221 W.Va. 578 (2007).

15. "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." Syllabus point 6, *Miller*.

16. "In the determination of a claim that an accused was prejudiced by ineffective assistance of counsel violative of Article III, Section 14 of the West Virginia Constitution and the Sixth Amendment to the United States Constitution, courts should measure and compare the questioned counsel's performance by whether he exhibited the normal and customary degree of skill possessed by attorneys who are reasonably knowledgeable of criminal law, except that proved counsel error which does not affect the outcome of the case will be regarded as harmless error." Syllabus point 19, *State v. Thomas*, 203 S.E.2d 445 (1974).

17. Under Strickland there must first be a showing that trial counsel's performance was deficient and the errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.

18. The Petitioner has not made the required showing. The Petitioner has not submitted sufficient evidence to establish serious errors or an undermined functioning of the system. The Petition relies upon general, conclusory statements that he was misled into accepting the plea with the promise of leniency, and that an appeal or hearing on the Motion For Reconsideration Of Sentence was not pursued. However, aside from factual

support not being provided, the only argument that the proceedings would have differed is that he the Petitioner would not have accepted the plea bargain if he would have known he was not going to receive leniency. There is no evidence of any misrepresentation as to sentencing. Such argument is unpersuasive. It is impossible to tell, and the Petitioner does not establish, whether the leniency was denied as a result of counsel in the underlying action's performance. To the contrary, the Petitioner argued that the failure to grant leniency was a result of the judge's discretion and that he was advised by counsel that the circuit judge could give him a "stiff sentence."

19. Accordingly, the Petition is DENIED as to this ground.

*V. Failure To Provide Copy Of The Indictment To Defendant*

20. The Petitioner claims that he did not receive a copy of the Indictment during the underlying criminal action.

21. However, at the hearing the Petitioner acknowledged that he informed the Court at the Arraignment in the underlying criminal action that he did in fact receive a copy of the Indictment.

22. As such, the Petition is DENIED as to this ground.

*VI. Claim Of Incompetence At Time Of Offense, As Opposed To Time Of Trial*

23. The Petitioner asserts that he had a substance abuse problem, which severely affected his competency, and that as such his substance abuse should have been addressed in an alternative manner to his sentence of incarceration.

24. Other than the assertion that "Mr. Collins readily admits that he had a substance abuse problem which severely [e]ffected his competency," and "the Court should provide Mr.

Collins relief due to his drug-related incompetence at the time of the offenses" the Petitioner does not argue his incompetence. The Petitioner instead reverts to an argument relating to the sentence. The Petitioner does not submit evidence or argument regarding how his judgment was impaired, the extent of impairment, or the effect of on his decision. Moreover, the Petitioner acknowledged that he informed that Court at the time of his plea that he understood the nature and terms of his plea agreement.

25. Thus, the Petition is DENIED as to this ground.

## *VII. Acquittal Of Co-Defendant On Same Charge*

26. The Petitioner argues that he was treated harsher than his co-defendants, whose charges were dismissed or reduced. Yet again, the Petitioner does not provide the facts or any legal authority upon which his argument is based.

27. However, the argument, taken on its face, goes against the *Losh* ground. The ground is "acquittal of co-defendant on same charge," and the Defendant argues that the charges of his co-defendants were reduced or dismissed. Thus, they were not acquitted of the same charge.

28. Regardless, the Petitioner would not be entitled to relief as to this ground. Aside from not providing a persuasive argument, or support of argument, on this point, the Petitioner admitted at the hearing that two of the co-defendants were minors and in one of the cases he acted alone. Additionally, the Petitioner testified in acknowledgment that this ground is without merit.

29. Accordingly, the Petition is DENIED as to this ground.

## *VIII. Severer Sentence Than Expected*

30. The Petitioner argues that he was led to believe he would receive leniency and, thus, he received a more severe sentence than he expected.

31. However, at the hearing the Petitioner testified that his counsel in the underlying action informed him of the full extent of the punishment he could receive. In doing so, the Petitioner's counsel informed him of the maximum sentence that could be imposed at sentencing.

32. Despite that fact that the Petitioner was hoping to receive leniency, he knew the consequences of pleading guilty and was informed of the sentence that could be imposed. As such, he cannot now try to undo his plea be claiming surprise of the very thing he admits being informed about.

33. As such, the Petition is DENIED as to this ground.

## IX. Excessive Sentence

34. The Petitioner argues that his sentence was severely disproportionate to the crimes which he was convicted. The Petitioner asserts that his age at the time of sentencing, the non-violent nature of the crimes, and lack of criminal record, the sentence imposed is disproportionate. Additionally, the Petitioner argues that it was inappropriate for the Court not to order a Pre-Sentence Report or a Probation report.

35. "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syllabus Point 8, *State v. Vance*, 164 W.Va. 216 (1980).

36. "In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." Syllabus Point 5, *Wanstreet v. Bordenkircher*, 166 W.Va. 523 (1981).

37. The Petitioner did not submit evidence relating to the aforementioned factors. The fact is the Petitioner pled guilty to three counts of breaking and entering and a count of grand larceny and was sentenced as described above. The sentence which was imposed for the counts fit within that statutorily prescribed. Another important factor to be considered is the fact that the Petitioner was previously paroled and failed to adhere to the requirements thereof.

38. The Court FINDS that the sentence imposed was not disproportionate to the crimes committed.

39. Thus, the Petition is DENIED as to this ground.

*X. Mistaken Advice Of Counsel As To Parole Or Probation Eligibility*

40. The Petitioner once again asserts an argument claiming that he did not receive the leniency his counsel assured him would be granted at sentencing. However, he does not assert that he was misled about parole or probation eligibility. In fact, the Petitioner was granted parole and did not take advantage of the opportunity provided.

41. As such, the Petition is DENIED as to this ground.

*XI. Other Grounds*

42. Any other potential grounds for relief were either waived or no evidence was introduced and are therefore DENIED.

*XII. Request For Reconsideration*

43. Request of Rule 35(b) relief to the extent argued is hereby DENIED.

**Judgment**

Wherefore, based on the foregoing Findings Of Fact And Conclusions Of Law, the Ominbus Habeas Petition is DENIED.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

Entered: this the _____ day of December 2011.

Honorable Michael Thornsbury
Chief Judge, 30th Judicial Circuit

A COPY TESTE

.....ERK, MINGO COUNTY, W.VA.